*Swartwout*, manucaptor *of Sands*, ads. *Gelston*, *As-
signee of the Sheriff of New-York*.

THIS was an application to stay proceedings on
bail-bond. The attorney for the defendant in the ori-
ginal suit, had given notice of retainer and of bail at
the same time, by leaving it at the *office* of the plain-
tiff's attorney (which was kept in his dwelling-house)
when no person was present.   It appeared that two
terms had elapsed before the present suit was com-
menced.

It was insisted, 1st, that the service of notice was
regular, and to this point was cited 4 *Durn.* & *East*,
464.   And 2d, that the plaintiff had been negligent
in delaying so long to put the bail-bond in suit.
*Barnes' Notes*, 103.

*Per Curiam.*   The notice was not duly served.
It should have been given to some *person* in the *house*.
To make a notice good, it must be shown that every
thing has been done to bring it *home to the party*.
The service must, first, be on some person in the *of-
fice*, and belonging there ; if nobody is there, it must
be upon some one in the *house* where the attorney
resides or the office is kept ; and if nobody is there it
may be left in the office.   But as there has been a
negligence on the part of the plaintiff, in not putting
the bail-bond in suit at the subsequent term, we will
not now fix the bail for the irregularity of the notice,
which the prevalence of the yellow-fever in the city
at the time, may in some measure excuse.

M

Let the proceedings stay on payment of costs, and receiving a justification of bail if required.

*Wortman*, for the defendant.

*Coleman*, for the plaintiff.

### *Waters, Sheriff of Orange*, ads. *The People.*

THE sheriff was brought in, upon an attachment, and the plaintiff in the original suit having filed interrogatories within the four days allowed him, and the sheriff having also filed his answers, as taken by the clerk, the following judgment was entered :

*Per Curiam.* A sheriff is not to be considered as in contempt for not acting on an execution which never came to his *personal* knowledge, or was not lodged in his office. But in this case it appears the *fi. fa.* was delivered to a *deputy*, and we need not say whether such delivery be good, so as to charge the sheriff himself, because here the sheriff afterwards affirmed the receipt by interfering and acting. He did not return it within forty days, and his answers are not satisfactory.

The court adjudge him to pay a fine of twenty dollars for the contempt, and also the costs of the rule and attachment, and to stand committed till the fine and costs be paid.

### *In the matter of M'Kinley & Co. Absent Debtors.*

MUNRO, indorsee of a bill of exchange drawn by *M'Kinley & Co.* sued out an attachment under the act passed 4th *April*, 1786, for relief against abscond-